**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| **v.** § | **CASE NUMBER 9:91-CR-00004-2-MJT** |
| § | |
| § | |
| **REYNALDO SAMBRANO VILLAREAL** § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the undersigned are Defendant's Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), as well as supplemental letters and motions submitted by the Defendant. (Docs. #18-22, #27, #31, #32, #36, #41, #44).[1]  The United States filed two responses to the Defendant's motions. (Docs. #24, #43.)

### I.  ISSUES PRESENTED

Villarreal was sentenced in 1991 and is currently serving a 40-year sentence for violation of 21 U.S.C. § 848(e)(1)(b) (Capital Murder of a Law Enforcement Officer During a Drug Related Crime); 21 U.S.C. § 846 (Conspiracy to Distribute Marijuana); and 21 U.S.C. § 846 (Possession with Intent to Distribute Marijuana).  (Doc. #49.)  He has a current release date of January 21, 2026.  Villarreal first sought compassionate release in 2020 due to the COVID-19 pandemic. (Docs. #18-22.)  He argues that he has Hepatitis C, which has resulted in a weakened immune system and liver damage putting him at an increased risk of infection and serious health risk.  (*Id.*)  He also argues that he has participated in over 2,000 hours of rehabilitation; was not the ringleader for the crimes he committed; did not carry a weapon; has no history of violence

---

[1] These motions are referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.  28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); (Doc. #45).

1

notwithstanding his current offense; has served the majority of his sentence; and any risk in his release can be mitigated by putting him on supervised release. (*Id.*) He also submitted letters from family and friends regarding their support for his release. (Docs. #20-23.)

The Government responds by stating that the Defendant's medical issues do not rise to the level of extraordinary and compelling circumstances; he is still a danger to the community; and the section 3553 factors weigh strongly against his release. (Doc. #24, #43.)

## II. LEGAL STANDARD

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Here, the Government does not dispute that the Defendant has met this requirement. Neither does this court.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements … that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2

2

(N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391).  On November 1, 2023, the Sentencing Commission issued an amended policy statement, U.S.S.G. § 1B1.13, setting forth the circumstances that are considered "extraordinary and compelling reasons."  These include the defendant's medical circumstances, age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence.  *See* U.S.S.G. § 1B1.13(b).  As of November 1, 2023, policy statement 1B1.13 applies to motions filed by the Director of the BOP and motions filed by the defendant himself.  U.S.S.G. § 1B1.13(a).

### III.  ANALYSIS

#### A.  *Exhaustion of Administrative Remedies*

As stated above, a request for compassionate relief must first be presented to the BOP for consideration.  After 30 days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, a defendant may ask a court for a sentence reduction under section 3582(c)(1)(A).  Here, the Government concedes that the Defendant has exhausted his remedies.  Therefore, the Defendant has satisfied his administrative exhaustion requirement.

#### B.  *Extraordinary and Compelling*

##### 1.  *Medical Conditions*

Extraordinary and compelling reasons exist regarding a defendant's medical condition when the defendant is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or when a defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a

3

correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. In addition, a defendant may seek release if he is suffering from a medical condition that requires long term or specialized medical care that is not being provided. *Id.* Lastly, extraordinary and compelling reasons exist if the facility where the defendant is housed is affected or at imminent risk of being affected by an ongoing outbreak of an infectious disease or public health emergency and the defendant is at an increased risk of suffering severe medical complications or death and such risk cannot be adequately mitigated in a timely manner. *Id.*

Courts that have granted compassionate release based on a prisoner's health problems "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir. 2021). Thus, "compassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). The Government believes that the Defendant has failed to meet this exacting standard.

Defendant's medical records indicate that he has Hepatitis C. However, these records also indicate that his condition is mild, he received treatment, and is in remission. (Docs. #19.) Probation confirmed that the Defendant has been in remission since 2000 and is designated as a medical care level one inmate, which indicates a generally healthy individual with limited medical needs that can be managed with clinical evaluations every 6 to 12 months. Probation also reported that the Defendant has no medical restrictions and is housed in the general population. When monitored and well managed, Hepatitis C does not constitute an extraordinary and compelling reason warranting compassionate release. *See United States v. Davis*, No. CR 07-357, 2020 WL 5645981, at *4 (E.D. La. Sept. 22, 2020) (collecting cases) (stating that "courts have found that hepatitis C does not amount to an extraordinary or compelling reason for

4

[compassionate] release"); *see also United States v. Caley*, No. 91-CR-80668, 2022 WL 1449699, at *2 (E.D. Mich. May 9, 2022) (denying compassionate release where the defendant suffered from epilepsy, a seizure disorder, and Hepatitis C); *United States v. Gardner*, No. 1:11-CR-87-HSO-JCG-1, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021) (finding that a defendant's chronic conditions of hepatitis C and tuberculosis did not amount to extraordinary and compelling reasons warranting release).

In addition, Probation reported that the Defendant was vaccinated against COVID-19, which renders an inmate protected from the virus. *See United States v. Groom*, No. 2:17-cr-159, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021); *United States v. Grummer*, 519 F. Supp. 3d 760, 763 (S.D. Cal. 2021) (denying compassionate release to a vaccinated defendant with several chronic medical conditions); *United States v. Wakefield*, No. 1:19-cr-00095-MR-WCM, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) (denying compassionate release to a defendant presenting with obesity, diabetes, and hypertension who received his first dose but had also previously tested positive); *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("[A]bsent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). In addition, he tested negative for COVID-19 on March 24, 2022. Accordingly, the court finds that the Defendant does not present extraordinary and compelling reasons for release predicated on COVID and medical issues.

### C. Sentencing Factors

Notwithstanding all previous analysis, compassionate release should be denied because this court must consider all pertinent circumstances, including the section 3553(a) factors. *See*

5

*United States v. Doe*, 833 F. App'x 366, 367-368 (3d Cir. 2020) (affirming the denial of compassionate release when the defendant presented medical risk, holding that the district court did not abuse its discretion in considering the nature of the offense, the defendant's history, and the status of the virus at the facility); *United States v. Bullock*, 833 F. App'x 934, 935-936 (3d Cir. 2021) (determining that the district court did not abuse its discretion in denying relief for medically vulnerable inmate upon considering the section 3553(a) factors, including the substantial time remaining to be served, criminal history, and institutional infractions). These factors include the nature and circumstances of the offense; the history and character of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, including deterrence and protection of the public. 18 U.S.C. § 3553.

Compassionate release is not merited here after considering the applicable factors set forth in section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). Even when a prisoner has demonstrated an extraordinary and compelling reason under the compassionate-release statute, relief may still "be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693; *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief.").

As stated above, the Government alleges that Villarreal is a danger to society. He was convicted of capital murder of an officer during the commission of a drug related crime. Although he was not the trigger man, the Government asserts that the PSR shows that he was an

active participant in attacking the victim prior to and during his murder and he fled the scene. (Doc. #24.) Probation noted that he has a violent criminal history including burglary of a habitation on May 15, 1984; two counts of burglary of a habitation in 1986; and revocation of parole in 1988 following another arrest for burglary of a habitation. In fact, the Defendant was on parole when he committed the instant federal offense.

While the Defendant argues that he has been rehabilitated while in prison by completing several courses, pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason. Rehabilitation of the defendant may, however, be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d); *see Shkambi*, 993 F.3d at 392; *United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020) (holding that a district court's discretion in sentencing is broad; however, there is a "statutory limit on what a court may consider to be extraordinary and compelling . . . [and] '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" (quoting 28 U.S.C. § 994(t))); *United States v. Hudec*, No. CR 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) ("While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone."). In fact, "[m]aking good use of one's time in prison is not uncommon, and indeed is expected." *United States v. Blanco*, No. 16-CR-408 (CS), 2021 WL 706981, at *2 (S.D.N.Y. Feb. 22, 2021) (quoting *United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020)).] Further, "making good use of one's time in prison and regretting one's actions are not grounds for sentence reductions under the First Step Act." *United States v. Polnitz*, No. 17-cr-

201-pp, 2020 WL 1139836, at *2 (E.D. Wis. Mar. 9, 2020). Unfortunately, here, in addition to his courses, Villarreal has also had numerous disciplinary infractions while imprisoned, including 13 infractions for possessing alcohol or intoxicants and an infraction in 2018 for possession of a hazardous tool.

Moreover, granting this motion would fail to provide just punishment for Villarreal's offense and promote respect for the law. Although he has served the majority of his sentence in this case, considering the nature of his offense, and the other factors listed above, the court finds that denying compassionate release "would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 693–94. Accordingly, this court must deny the Defendant's motion after considering his alleged extraordinary circumstances and the Section 3553 factors.

## IV. RECOMMENDATION

"[C]ompassionate release is discretionary, not mandatory." *Chambliss*, 948 F.3d at 693. In exercising its discretion, the court finds that no extraordinary and compelling reasons exist. Having determined that extraordinary and compelling reasons justifying release are not present and considering all other applicable factors, the undersigned recommends that the court DENY, the Defendant's motions for compassionate release (docs. #18-20, #27, #31, #32, #41).

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P.

59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 28th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE